**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

ZANDER LAMONT RICHARDSON, JR.
  #412-735                           :

        Plaintiff            :

        v.               :   CIVIL ACTION NO. JKB-15-2200

NORTH  BRANCH CORRECTIONAL    :
  INSTITUTION
SGT. JEREMY CRITES            :

        Defendants      :

**MEMORANDUM**

Plaintiff Zander Lamont Richardson, Jr. ("Richardson"), a Maryland prisoner presently housed at North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, filed a civil rights complaint seeking money damages for two assaults alleged to have occurred at the hands of NBCI correctional officers.  He also raised an unrelated claim concerning poor conditions of confinement with regard to his current cell assignment.  ECF No. 1.  By order dated July 30, 2015, the conditions of confinement claim was dismissed without prejudice and plaintiff was granted an opportunity to amend his complaint to name the individuals involved in the assaults. ECF No. 3.  In his amendment, plaintiff claimed that Officer Crites ("Crites") assaulted him on June 10, 2014, and another officer assaulted him on April 15, 2014.  ECF No. 4 at 3.  The claim alleging the April 15, 2014 assault was opened as a new civil rights proceeding,[1] and the claim against Crites proceeded for service of process.  ECF No. 6.  In response, Crites has filed a motion to dismiss or, in the alternative, motion for summary judgment (ECF No. 14) which is

---

[1] *See Richardson v. Lambert,* Civil Action No. JKB-15-2518 (D. Md.).

unopposed.[2]  No hearing is needed to resolve the motion.  *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, defendant Crites's motion for summary judgment otherwise IS GRANTED.

### Standard of Review

Crites's motion relies on materials outside the pleadings, and is construed as a motion for summary judgment, governed by Federal Rules of Civil Procedure 56(a).  Pursuant to Rule 56, the motion must be granted if a defendant shows that there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law.  In weighing a defendant's motion, this court must view the evidence in the light most favorable to the plaintiff and draw all inferences in his favor without weighing the evidence or assessing witness credibility.  *See Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002).

Because Richardson is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nonetheless, this court has an "affirmative obligation" to prevent factually unsupported claims from proceeding to trial. *Bouchat v. Baltimore Ravens Football Club, Inc.,* 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corporation v. Catrett*, 477 U.S. 317, 323–24 (1986)).

### Background

In his unverified amended complaint, Richardson claims that on June 10, 2014, Crites assaulted him "with blows to the ribs and striking me unconscious."  He further claims that he

---

[2]  Pursuant to the dictates of *Roseboro v. Garrison***,** 528 F.2d 309, 310 (4th Cir. 1975), on December 29, 2015, plaintiff was notified that Crites had filed a dispositive motion, the granting of which could result in the dismissal of his action. Plaintiff was informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading could result in the dismissal of his case or in the entry of summary judgment without further notice.  ECF No. 15.

was denied "camera review" during an "in-house hearing and through appeals" concerning the incident.[3]  ECF No. 4 at p. 3.[4]

Crites avers that he had no physical contact of any kind with Richardson as alleged in the Complaint.  Declaration of Jeremy Crites, ECF No. 14-2, ¶ 4.  NBCI Case Manager Randy Durst avers that there are no Use of Force and Serious Incident report records showing any incident regarding Richardson and Crites on June 10, 2014.  ECF No. 14-3, ¶ 5; *see also* ECF No. 14-4. John A. Spiroff, Executive Director of the Internal Investigation Division of the Department of Public Safety and Correctional Services indicates, in correspondence dated November 23, 2015, that "call logs for the date in question" do not show that investigators had knowledge that such an incident occurred.  ECF No. 14-5.  Finally, Richardson's medical record for the weeks following the alleged assault indicate his only medical problem concerned a cyst on his scalp. ECF No. 14-6, pp. 2-3, 5-6.

## Analysis

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  This court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response.  *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

---

[3] Richardson states that Crites did not attend the hearing(s), which resulted in Richardson's placement "on lockdown" for more than a year.  ECF No. 13 at p. 1. Richardson does not provide documents or other evidence relating to these hearings.

[4] This memorandum cites to pagination referenced in the court's electronic docketing system.

The absence of significant injury alone is not dispositive of a claim of excessive force, but may be a factor indicative of whether or not the force used was necessary in a particular situation. *Wilkens v. Gaddy*, 599 U.S. 34 (2010).  Richardson provides no evidence, other than allegations raised in an unverified complaint, suggesting that he and Crites had any physical contact on or near June 10, 2014.  Crites's evidence strongly suggests that nothing untoward occurred between the parties.

Accordingly, a separate order shall be entered granting defendant Crites's motion for summary judgment and closing this case.


February 18, 2016                                    _____/s/_____
                                                                James K. Bredar
                                                                United States District Judge